UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10273-JLT |
| | ) | |
| | ) | |
| TONY DIAZ, | ) | |
| a/k/a Jose A. Rivera, Jr., | ) | |
| a/k/a Santo Romero Villar, | ) | |
| a/k/a Jose Rivera Morales, | ) | |
| a/k/a Jose Antoni Morales, | ) | |
| a/k/a Santo Rodolfo Romero Villar, | ) | |
| Defendant | ) | |

## GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits this Motion in Limine.

### INTRODUCTION

Defendant TONY DIAZ was previously convicted of violating 18 U.S.C. § 922(g)(5) (Being an Illegal Alien in Possession of a Firearm).[1] He is currently charged with the separate offense of violating 8 U.S.C. §1326 (Illegal Reentry After Deportation). The Government therefore requests that the Court permit evidence of Diaz's prior conviction on the one element of his status as an illegal alien, insofar as it is considered relevant to the current charge.

---

[1] See "Attachment A," United States District Court "JUDGMENT IN A CRIMINAL CASE" dated 5/31/06.

-1-

## STATEMENT OF RELEVANT FACTS

On July 14, 2004, Diaz was subjected to a routine traffic stop by two police officers for the city of Lawrence. At the time of the stop, the two officers observed a firearm on the floorboards of Diaz's vehicle. When questioned, Diaz identified himself as "Jose Rivera." He stated that he did not have a license to carry the firearm, and in fact had purchased it "off the street." Diaz was subsequently arrested.

During the booking process, a full set of his fingerprints were taken. The fingerprints were later compared to known prints on file with the Federal Bureau of Investigation (FBI). This comparison revealed that Diaz was an illegal alien who had twice been deported from the United States to the Dominican Republic. The first deportation had occurred on March 7, 1992, under the assumed name of "Santo Rodolfo Romero-Villar." The second deportation had occurred on July 3, 2001, under the same name. On November 9, 2005, a jury found that Diaz was in fact an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5).

## ARGUMENT

With proper limiting instructions, the defendant's prior conviction under § 922(g)(5) is admissible for the purpose of establishing his status as an illegal alien. In *United States v. Bejar-Matrecios*, the court ruled that evidence of a prior conviction under 8 U.S.C. §1325 establishes conclusively that a defendant was an alien because "alienage is an element of a §1325 conviction," and thus would be relevant in a subsequent criminal proceeding. 618 F.2d 81, 84 (9th Cir. 1980); *see also Hernandez-Uribe v. U.S.*, 515 F.2d 20, 21-22 (8th Cir. 1975) (collateral estoppel bars a defendant with a previous conviction under §1326 from re-litigating alienage); Fed R. Evid. 803(22) (evidence of a final judgment is admissible to prove any fact essential to

sustain the judgment).

In the present case, while Diaz was not convicted under §§1325 or 1326, he was convicted of being an illegal alien in possession of a firearm under 18 U.S.C. §922(g)(5). Alienage is an essential element of §922(g)(5), which states that it is unlawful for an *alien who is illegally or unlawfully in the United States* to possess a firearm. Thus, the Government should be permitted to introduce evidence of Diaz's prior conviction for the purpose of establishing his status as an illegal alien, since it has already established that element through a prior conviction.

The Government does not seek to use Diaz's prior conviction under §922(g)(5) as conclusive proof that Diaz is an illegal alien. Rather, pursuant to *United States v. Arnett*, the Government seeks only to introduce Diaz's prior conviction as evidence of his alienage. 353 F.3d 765 (9th Cir. 2004). Likewise, the government notes that the limiting instructions required under *United States v. Bejar-Matrecios* will not be crafted to present unfair or prejudicial evidence to the jury, or to suggest that the jury is "obliged to return a guilty verdict." 618 F.2d at 85.

## CONCLUSION

Defendant TONY DIAZ'S alienage was an element in his prior conviction under 18 U.S.C. § 922(g)(5) (Being an Illegal Alien in Possession of a Firearm). His alienage is an element in the current charge, brought under 8 U.S.C. §1326 (Illegal Reentry After Deportation). Accordingly, the Government should be able to introduce evidence to the jury of his prior conviction for the purpose of establishing his status as an illegal alien.

                                  Respectfully submitted
                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:    /s/ Paul R. Moore
        Paul R. Moore
        Assistant U.S. Attorney

June 7, 2006.

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the attorney for defendant TONY DIAZ, Michael J. Liston, Esq., on June 7, 2006, via electronic filing.

                                  /s/ Paul R. Moore
                                  Paul R. Moore
                                  Assistant U.S. Attorney